NATIONAL SCHOOL LUNCH PROGRAM — PARTICIPATION BY PRIVATE OR PAROCHIAL SCHOOL A non-profit private and/or parochial school may be included in the local school district's National School Lunch Program for a cooperative kitchen effort only. All costs included must be apportioned on a pro-rata basis and under no circumstance are public and private funds to be commingled or transferred between public and private institutions. The Attorney General has considered your opinion request wherein you ask the following question: "May a parochial school be included in the local school district's National School Lunch Program? This would mean that the food would be prepared in the secondary school kitchens and delivered to the parochial school." The Oklahoma Constitution prohibits the use of public funds for private educational institutions, Article II, Section 5, Article X, Section 15 ; see also Attorney General Opinion No. 70-128 (2-12-70). Section 3-104, H.B. 1155, 33rd Legislature, First Session, provides in part, as follows: ". . . The State Board of Education shall: 13. Be and is hereby designated as the `State Educational Agency' referred to in Public Law 396 of the 79th Congress of the United States, which law states that said Act may be cited as the `National School Lunch Act,' and said State Board of Education is hereby authorized and directed to accept the terms and provisions of said Act and to enter into such agreements, not in conflict with the Constitution of Oklahoma or the Constitution and Statutes of the United States, as may be necessary or appropriate to secure for the State of Oklahoma the benefits of the school lunch program established and referred in said Act; 14. Have authority to secure and administer the benefits of the National School Lunch Act (Public Law 396 of the 79th Congress of the United States as it may be now or hereafter amended or supplemented) in the State of Oklahoma and is hereby authorized to employ or appoint and fix the compensation of such additional officers or employees and to incur such expenses that may be necessary for the accomplishment of the above purpose, administer the distribution of any state funds appropriated by the Legislature required as federal matching to reimburse on children's meals;" Title42 U.S.C.A. 1752 et seq., constitutes the National School Lunch Program. Section 42 U.S.C.A. 1759 of said title provides for disbursement of funds for non-profit private schools where in any state, the state educational agency is not permitted by law to disburse funds paid to it pursuant to the National School Lunch Program, nor, is permitted by law to match federal funds made available for use by such nonprofit private schools. Said disbursement under Section 1759 constitutes an apportionment ratio of which said funds are disbursed directly to the non-profit private schools. It is further specifically provided that said disbursed funds should not be considered a part of funds constituting the matching funds under the terms of Section 1756, which provides for payment to state, matching payment by state, and the making up of disbursement of state revenue. The constitutional prohibition being directly related only to school funding in a National School Lunch Program and making specific provisions as to separation of said funding between public and non-profit private educational institutions, it would appear permissible for a nonprofit private and/or parochial school to be included in the local school district's National School Lunch Program for a cooperative kitchen effort only. All costs of such a cooperative operation must be apportioned on a pro rata basis and under no circumstance are public and private funds to be commingled or transferred between public and private institutions. It is, therefore, the opinion of the Attorney General that your question be answered as a qualified affirmative. A non-profit private and/or parochial school may be included in a local school district National School Lunch Program for a cooperative kitchen effort only, but all costs involved must be apportioned on a pro rata basis and under no circumstance are public and private funds to be commingled or transferred between the public and private institution. (Larry L. French)